**EVAN S. SHINGLES, ESQ.**                                    **Attorney for Defendant**
SHINGLES & SHINGLES, LLP
The Public Ledger Building
620 Chestnut St., Ste 940
Philadelphia, PA  19106
(215) 925-2915
Fax: (215) 9925-6471

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL HIGGINS** | : | |
| **8111 Castor Avenue, Apt. 5** | : | **CIVIL ACTION** |
| **Philadelphia, PA 19152** | : | |
| **Plaintiff** | : | |
| **v.** | : | |
| | : | |
| **POLICE OFFICER SHELDON B.** | : | |
| **FITZGERALD, Badge No. 3998** | : | |
| **c/o Office of City Solicitor** | : | |
| **1515 Arch Street, 15th Floor** | : | |
| **Philadelphia, PA  19102** | : | |
| **and** | : | |
| **POLICE OFFICER HOWARD HILL III,** | : | |
| **Badge No. 2787** | : | |
| **c/o Office of City Solicitor** | : | |
| **1515 Arch Street, 15th Floor** | : | **JURY TRIAL DEMANDED** |
| **Philadelphia, PA  19102** | : | |
| **and** | : | |
| **CHARLES H. RAMSEY, POLICE** | : | |
| **COMMISSIONER, CITY OF** | : | |
| **PHILADELPHIA** | : | |
| **c/o Office of City Solicitor** | : | |
| **1515 Arch Street, 15th Floor** | : | |
| **Philadelphia, PA  19102** | : | |
| **and** | : | |
| **CITY OF PHILADELPHIA** | : | |
| **c/o Office of City Solicitor** | : | |
| **1515 Arch Street, 15th Floor** | : | |
| **Philadelphia, PA  19102** | : | |

## COMPLAINT

**INTRODUCTION**

Plaintiff, Michael Higgins, brings this civil rights action seeking damages, pursuant to 42 U.S.C. § 1983, against officers of the Police Department of the City of Philadelphia and various officials of the City of Philadelphia for depriving him and conspiring to deprive him of his rights guaranteed under the United States Constitution, for the premeditated, unprovoked, and malicious beating by employees of the Police Department of the City of Philadelphia.

Plaintiff, Michael Higgins, claims of Defendants, and each of them, both jointly and severally, sums in excess of One Hundred Thousand Dollars ($100,000.00) upon causes of action whereof the following is a statement:

**JURISDICTION**

This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988.  Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and the aforementioned statutory provisions. Plaintiffs further invoke the pendent jurisdiction of this Court, provided by 28 U.S.C. § 1367, to hear and decide claims arising under state law.

**PARTIES**

1.      Plaintiff, Michael Higgins (hereinafter "Higgins"), is an individual citizen of the Commonwealth of Pennsylvania, residing at 8111 Castor Avenue, Apt. 5, Philadelphia, PA 19152.

2.      Defendants Sheldon B. Fitzgerald, (hereinafter "Fitzgerald"), and Howard Hill, III, (hereinafter "Hill"), upon information and belief, are individual citizens of the Commonwealth of Pennsylvania employed by the Police Department of the City of Philadelphia as police

officers, each with an address for service of process located at the Office of the City Solicitor,
1515 Arch Street, 15th Floor, Philadelphia, PA 19102.

3.     Defendant Charles H. Ramsey (hereinafter "Ramsey") is an individual citizen of
the Commonwealth of Pennsylvania and is, upon information and belief, the Commissioner of
Police of the City of Philadelphia, with an address for service of process located at the Office of
the City Solicitor, 1600 Arch Street, 8th Floor, Philadelphia, PA 19103.

4.     Defendant, City of Philadelphia (hereinafter "City") is a municipal corporation
and a city of the first class existing under and by virtue of laws of the Commonwealth of
Pennsylvania, with an address for service of process located at the Office of the City Solicitor,
1515 Arch Street, 15th Floor, Philadelphia, PA 19102.

5.     At all times material hereto, Defendants Fitzgerald and Hill acted within the
course of their duties and scope of their employment as the agents, servants and/or employees
of Defendant City under the direction and supervision of Defendant Ramsey.

6.     At all times material hereto, Defendants Fitzgerald and Hill were acting either
negligently or intentionally, maliciously, and/or wantonly under color of state law and
authority, and in reckless, intentional or callous disregard of or indifference to the rights
secured to the Plaintiff by federal and state laws and rules, the Fourth, Fifth and Fourteenth
Amendments to the Constitution of the United States and the Constitution of the
Commonwealth of Pennsylvania.

7.     At all times material hereto, the City, acted by and through its agents, servants
and/or employees, Fitzgerald and Hill, who acted in accordance with and pursuant to
governmental customs, patterns, and policies of committing constitutionally offensive acts,

including but not limited to violent and unlawful conduct on the part of Philadelphia police officers, the filing of false and baseless criminal charges, the giving of false and perjurious testimony in judicial proceedings, which customs, patterns and policies were known by the Defendants City and Ramsey to have existed for a substantial period of time, and which consisted, without limitation, of:

(a) failing to reprimand and/or discharge or otherwise discipline and/or prosecute police officers found to have engaged in violent and/or unlawful conduct;

(b) failing to counsel and/or warn police officers to avoid violent and unlawful conduct or instruct them on techniques designed to do so;

(c) failing to train its officers not to commit perjury in order to obtain convictions;

(d) allowing and promoting and/or failing to discourage the policy of committing perjury in order to obtain convictions;

(e) failing to train and supervise police officers;

(f) failing to conduct periodic and systematic performance reviews and evaluations of individual police officers generally and in particular of defendants Fitzgerald and Hill;

(g) allowing and promoting and/or failing to discourage the policy of filing and prosecuting false and malicious criminal charges against victims of police brutality or other excessive and/or unlawful conduct on the part of law enforcement officers;

(h) failing to adopt and implement measures designed to protect against the filing of false and malicious criminal charges against the victims of police violence or other excessive and/or unlawful conduct on the part of law enforcement officers;

(i) failing to adopt and implement measures designed to protect against the use of perjured testimony in order to obtain convictions;

(j)  failing to reprimand, discharge and/or prosecute police officers who engage in constitutionally offensive acts including, but not limited to, committing perjury;

(k)  failing to reprimand, discharge and/or prosecute officers who commit constitutionally offensive and/or criminal acts and thereafter give false and perjurious testimony or file baseless criminal charges as a means of obfuscating the illegality of their conduct or of intimidating the victims of their illegal conduct;

(l)  deliberate indifference to constitutionally offensive acts carried out within the Philadelphia Police Department;

(m)  authorizing or condoning, either expressly or tacitly, constitutionally offensive acts, by members of the Philadelphia Police Department;

(n)  fostering violent and unlawful conduct of police officers by providing legal counsel to officers alleged to have committed violent and unlawful acts, and paying monies in satisfaction of judgments rendered against Philadelphia police officers;

(o)  failing to formally promulgate and disseminate and/or enforce appropriate and reasonable guidelines for the handling of arrested individuals;

(p)  failing to formally promulgate and disseminate and/or enforce appropriate and reasonable guidelines for the use of offensive weapons by police officers, including the use of nightsticks;

(q)  failing to effectively enforce existing standards relating to the use of offensive weapons, including nightsticks, when it was known or should have been known that said standards were repeatedly and regularly being violated by Philadelphia police officers, including Defendants Fitzgerald and Hill;

(r)  failing to promulgate and disseminate appropriate and/or enforce reasonable guidelines for identifying baseless, malicious criminal charges initiated by police officers for the purpose of punishing and/or intimidating victims of their illegal conduct; and

(s)  such other acts, patterns, policies, and customs as shall become known upon further investigation and through discovery procedures or at trial.

**COUNT I**

5

## MICHAEL HIGGINS V. DEFENDANTS FITZGERALD AND HILL

8.      The averments of Paragraphs 1 through 7, inclusive, of this Complaint are incorporated herein by reference as if they were set forth *in extenso*.

9.      On or about January 1, 2008 at or about  9:30 a.m., Plaintiff Michael Higgins was walking on Westmoreland Avenue at or near its intersection with 5th Street in the City of Philadelphia.

10.      At the aforesaid time and place plaintiff was confronted by Defendants Fitzgerald and Hill.  At that time, Plaintiff was neither engaged in a criminal act nor in any unusual conduct that would lead a police officer to reasonably conclude that criminal activity was afoot.  Nonetheless, Defendants Fitzgerald and Hill detained plaintiff and questioned him.

11.      Defendants Fitzgerald and Hill illegally searched the plaintiff and then intentionally, recklessly and maliciously assaulted, battered, detained and arrested Plaintiff

12.      At all times material hereto, Plaintiff acted in a lawful manner and conducted himself in such a law-abiding way so as to give the Defendants Fitzgerald and Hill no cause or justification whatsoever for the actions taken by them against him.

13.      The aforementioned Defendant police officers had no legal justification or probable cause to stop, detain and/or arrest Plaintiff nor did they have cause or justification to engage in the violent acts against him that resulted in the injuries and damages sustained by Plaintiff as more specifically set forth below.

14.      The Defendants, by their unlawful conduct, either negligently or intentionally, willfully and maliciously attempted to, and did deprive Plaintiff Higgins of the rights, privileges and immunities secured for him by the Constitution of the United States of America, and

6

Amendments thereto, including, without limitation, the rights accorded to him by the Fourth, Fifth and Fourteenth Amendments, and by the Constitution of the Commonwealth of Pennsylvania, all of which acts were done by the Defendants, individually and/or in concert, and in violation of 42 U.S.C. §§1983 and 1985.

15.     The Defendants acted either with actual knowledge that their conduct violated Plaintiff Higgins' federally and state protected rights, or with reckless and callous disregard of, or deliberate indifference to, said rights.

16.     As the direct and proximate result of the aforesaid unlawful and improper conduct on the part of the Defendants Fitzgerald and Hill, Plaintiff Higgins was caused to suffer severe and disabling injuries to the bones, muscles, blood vessels, tissues, nerves and nervous system of his body, including but not limited to, multiple contusions and bruises of the body, head and face, permanent loss of vision and post traumatic stress disorder, the full extent of which injuries is not yet known, and some or all are or may be permanent.

17.     As a further direct and proximate result of the intentional, reckless, malicious and/or wanton acts of the Defendants Fitzgerald and Hill, as described in the foregoing paragraphs of this Complaint, Plaintiff Higgins has suffered in the past, and will continue to suffer in the future, excruciating and agonizing aches, pains, mental anguish, humiliation, embarrassment, disfigurement, and deformity, as well as limitation and restriction of his usual activities, pursuits and pleasures.

18.     As a further direct and proximate result of the unlawful and improper conduct of the Defendants Fitzgerald and Hill resulting in injuries and damages to Plaintiff Higgins as described in the foregoing paragraphs of this Complaint, Plaintiff Higgins has been disabled in

the past, and will be disabled in the future, from performing his usual duties, occupations, and avocations with consequent loss of earnings, earning power and earning capacity.

19.     As a further direct and proximate result of the unlawful conduct of the Defendants Fitzgerald and Hill resulting in injuries and damages to Plaintiff Higgins as described in the foregoing paragraphs of this Complaint, Plaintiff Higgins has in the past required, and will in the future be required to receive, medicines, and hospital and medical care and treatment, and has been required to expend, and will in the future expend, monies for such care and treatment.

WHEREFORE, Plaintiff Michael Higgins moves this Honorable Court for judgment against the Defendants, and each of them, jointly and severally, for compensatory damages in a sum in excess of One Hundred Thousand Dollars ($100,000.00); and, as exemplary and punitive damages, a sum in excess of One Hundred Thousand Dollars ($100,000.00); and that Defendants be required to pay costs, interest, delay damages, and reasonable attorney's fees pursuant to 42 U.S.C. §1988.

## COUNT II

## MICHAEL HIGGINS V. DEFENDANTS FITZGERALD AND HILL

20.     The averments of Paragraphs 1 through 19, inclusive, of this Complaint, to the extent they are relevant herein, are incorporated by reference as if they were fully set forth.

21.     Defendants Fitzgerald and Hill falsely charged Plaintiff with the crimes of knowing and intentional possession of a controlled substance and resisting arrest, that they knew or had reason to know were baseless, false and malicious.

22.     Notwithstanding the foregoing, Defendants filed a Criminal Complaint based on a sworn affidavit and docketed at MC-51-CR-0000180-2008, intentionally and falsely accusing Plaintiff of engaging in criminal conduct as set forth above,

23.     The aforementioned criminal charges against Plaintiff were ultimately withdrawn by the District Attorney of Philadelphia County, Pennsylvania on July 9, 2008.

24.     The Defendants, by their unlawful conduct, individually and/or in concert, either negligently or intentionally, willfully and maliciously or with callous disregard of, or deliberate indifference to the rights, privileges and immunities secured for Plaintiff Higgins by the Constitution of the United States of America, and Amendments thereto, including, without limitation, the Fourth, Fifth and Fourteenth Amendments, and by the Constitution of the Commonwealth of Pennsylvania, attempted to, and did deprive him of same in violation of 42 U.S.C. §§1983 and 1985.

25.     As a further direct and proximate result of the unlawful conduct of Defendants Fitzgerald and Hill, as described in the foregoing paragraphs of this Complaint, acting individually and/or in concert, Plaintiff Higgins was deprived of his liberty, and thereafter was

compelled to live under restraints on his freedom and with the fear of imprisonment, suffered

substantial injury to his good name and reputation and has incurred significant expense in

efforts to defend himself against baseless, false and malicious criminal charges and to clear his

good name and reputation.

26.     As a direct and proximate result of the aforementioned acts of misconduct of

Defendants Fitzgerald and Hill, acting individually and/or in concert as described in the

foregoing paragraphs of this Complaint, Plaintiff  has suffered in the past and will continue to

suffer in the future, mental anguish, humiliation and embarrassment, as well as limitation and

restriction of his usual activities, pursuits and pleasures.

WHEREFORE, Plaintiff Michael Higgins moves this Honorable Court for judgment against

the Defendants, and each of them, jointly and severally, for compensatory damages in a sum in

excess of One Hundred Thousand Dollars ($100,000.00); and, as exemplary and punitive

damages, a sum in excess of One Hundred Thousand Dollars ($100,000.00); and that

Defendants be required to pay costs, interest, delay damages, and reasonable attorney's fees

pursuant to 42 U.S.C. §1988.

## COUNT III

## MICHAEL HIGGINS V. DEFENDANTS RAMSEY AND CITY

27     The averments of Paragraphs 1 through 26, inclusive, of this Complaint, to the

extent they are relevant herein, are incorporated by reference as if they were fully set forth.

28.     Defendant City, through its agents, servants and employees, and policy makers,

including Defendant Ramsey deprived Plaintiff of his rights, privileges and immunities under the

Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania in violation of 42 U.S.C. §§1983 and 1985.

29.     Defendant City failed to exercise due care in the selection, appointment, training, retraining, supervision, discipline and control of the Defendant police officers.

WHEREFORE, Plaintiff moves this Honorable Court for judgment against the Defendants Sylvester Johnson and City of Philadelphia, and each of them, jointly and severally, for compensatory damages in a sum in excess of One Hundred Thousand Dollars ($100,000.00); and, as exemplary and punitive damages, a sum in excess of One Hundred Thousand Dollars ($100,000.00); and that Defendants be required to pay costs, interest, delay damages, and reasonable attorney's fees pursuant to 42 U.S.C. §1988.

## COUNT IV

## MICHAEL HIGGINS V. DEFENDANTS FITZGERALD AND HILL

30.     The averments of Paragraphs 1 through 26, inclusive, of this Complaint, to the extent they are relevant herein, are incorporated by reference as if they were fully set forth.

31.     The aforesaid unlawful touching of Plaintiff by Defendants Fitzgerald and Hill acting within the course of their employment and the scope of their authority, was without Plaintiff s consent or justification.

WHEREFORE, Plaintiff moves this Honorable Court for judgment against the Defendants, and each of them, jointly and severally, for compensatory damages in a sum in excess of One Hundred Thousand Dollars ($100,000.00); and, as exemplary and punitive damages, a sum in excess of One Hundred Thousand Dollars ($100,000.00); and that Defendants be required to pay costs, interest, delay damages, and reasonable attorney's fees pursuant to 42 U.S.C. §1988.

## COUNT V

## MICHAEL HIGGINS V. DEFENDANTS FITZGERALD, HILL, CITY AND JOHNSON

32.     The averments of Paragraphs 1 through 26, inclusive, of this Complaint, to the extent they are relevant herein, are incorporated by reference as if they were fully set forth.

33.     The aforesaid acts constituted an unlawful restraint on the liberty of the person of the Plaintiff without proper legal process, and without authority.

WHEREFORE, Plaintiff moves this Honorable Court for judgment against the Defendants, and each of them, jointly and severally, for compensatory damages in a sum in excess of One Hundred Thousand Dollars ($100,000.00); and, as exemplary and punitive damages, a sum in excess of One Hundred Thousand Dollars ($100,000.00); and that Defendants be required to pay costs, interest, delay damages, and reasonable attorney's fees pursuant to 42 U.S.C. §1988.

## COUNT VI

## MICHAEL HIGGINS V. DEFENDANTS FITZGERALD, HILL, CITY AND JOHNSON

34.     The averments of Paragraphs 1 through 26, inclusive, of this Complaint, to the extent they are relevant herein, are incorporated by reference as if they were fully set forth.

35.     The aforesaid acts of the Defendants Fitzgerald and Hill constituted an improper use of process after it had been issued, employed for an unlawful purpose, to wit, the wrongful arrest and detention of Plaintiff.

WHEREFORE, Plaintiff moves this Honorable Court for judgment against the Defendants, and each of them, jointly and severally, for compensatory damages in a sum in excess of One Hundred Thousand Dollars ($100,000.00); and, as exemplary and punitive damages, in excess of

One Hundred Thousand Dollars ($100,000.00); and that Defendants be required to pay costs, interest, delay damages, and reasonable attorney's fees pursuant to 42 U.S.C. §1988.

<strong><u>COUNT VII</u></strong>

<strong><u>MICHAEL HIGGINS V. ALL DEFENDANTS</u></strong>

36.     The averments of Paragraphs 1 through 26, inclusive, of this Complaint, to the extent they are relevant herein, are incorporated by reference as if they were fully set forth.

37.     The aforesaid acts on the part of the Defendants, and each of them, were performed maliciously and without reasonable or probable cause and the criminal prosecution of Plaintiff, which was subsequently withdrawn, was malicious and without justification.

WHEREFORE, Plaintiff moves this Honorable Court for judgment against the Defendants, and each of them, jointly and severally, for compensatory damages in a sum in excess of One Hundred Thousand Dollars ($100,000.00); and, as exemplary and punitive damages, a sum in excess of One Hundred Thousand Dollars ($100,000.00); and that Defendants be required to pay costs, interest, delay damages, and reasonable attorney's fees pursuant to 42 U.S.C. §1988.

<strong><u>COUNT VIII</u></strong>

<strong><u>MICHAEL HIGGINS V. ALL DEFENDANTS</u></strong>

38.     The averments of Paragraphs 1 through 26, inclusive, of this Complaint, to the extent they are relevant herein, are incorporated by reference as if they were fully set forth.

39.     The aforesaid conduct of the Defendants was performed intentionally, recklessly and/or wantonly so as to cause severe and continuing emotional distress to the Plaintiff.

WHEREFORE, Plaintiff moves this Honorable Court for judgment against the Defendants, and each of them, jointly and severally, for compensatory damages in a sum in excess of One

13

Hundred Thousand Dollars ($100,000.00); and, as exemplary and punitive damages, a sum in excess of One Hundred Thousand Dollars ($100,000.00); and that Defendants be required to pay costs, interest, delay damages, and reasonable attorney's fees pursuant to 42 U.S.C. §1988.

## COUNT IX

## MICHAEL HIGGINS V. ALL DEFENDANTS

40.     The averments of Paragraphs 1 through 26, inclusive, of this Complaint, to the extent they are relevant herein, are incorporated by reference as if they were fully set forth.

41.     The aforesaid acts of the individual Defendants constituted a conspiracy to defame Plaintiff and were performed with the intention of damaging him and his reputation without reasonable grounds.

42.     The individual acts of Defendants that were intended to defame Plaintiff and injure his reputation and such intent continued through the trial of this matter in the case of Commonwealth v. Michael Higgins, MC-51-CR-0000180-2008.

43.     Plaintiff  pleads, in the alternative, that the Defendant police officers acted negligently, recklessly and/or wantonly in the detention, custody and prosecution of Plaintiff so as to cause him to suffer the aforesaid injuries and damages.

WHEREFORE, Plaintiff moves this Honorable Court for judgment against the Defendants, and each of them, jointly and severally, for compensatory damages in a sum in excess of One Hundred Thousand Dollars ($100,000.00); and, as exemplary and punitive damages, a sum in excess of One Hundred Thousand Dollars ($100,000.00); and that Defendants be required to pay costs, interest, delay damages, and reasonable attorney's fees pursuant to 42 U.S.C. §1988.

## COUNT X

14

### MICHAEL HIGGINS V. ALL DEFENDANTS

44.     The averments of Paragraphs 1 through 26, inclusive, of this Complaint, to the extent they are relevant herein, are incorporated by reference as if they were fully set forth.

45.     The aforesaid conduct of the Defendants was performed negligently so as to result in the negligent infliction of emotional distress.

WHEREFORE, Plaintiff moves this Honorable Court for judgment against the Defendants, and each of them, jointly and severally, for compensatory damages in a sum in excess of One Hundred Thousand Dollars ($100,000.00); and, as exemplary and punitive damages, a sum in excess of One Hundred Thousand Dollars ($100,000.00); and that Defendants be required to pay costs, interest, delay damages, and reasonable attorney's fees pursuant to 42 U.S.C. §1988.

### COUNT XI

### MICHAEL HIGGINS V. ALL DEFENDANTS
### PUNITIVE DAMAGES

46.     The averments of Paragraphs 1 through 26, inclusive, of this Complaint, to the extent they are relevant herein, are incorporated by reference as if they were fully set forth.

47.     The Defendants' willful, intentional or reckless or callous disregard of, or indifference to, the rights of Plaintiff as set forth in the preceding paragraphs of this Complaint, was conduct so outrageous, malicious, willful and/or reckless as to warrant assessment of punitive damages in such an amount as would act as a deterrent to Defendants and others from the future commission of like offenses and wrongs.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, both jointly and severally, for exemplary or punitive damages in a sum in excess of One Hundred Thousand Dollars ($100,000.00), plus interest and costs of suit and other damages deemed

recoverable by this Court.


                                        SHINGLES & SHINGLES, LLP


Dated:  November 10, 2008               By_/s/ Evan Shingles_____
                                        EVAN SHINGLES
                                        Attorney for Plaintiff